CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 25 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. PEYTON, | ) | Civil Action No. 7:09-cv-00492 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRYAN WATSON, et al., | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff filed a motion requesting a preliminary injunction against the defendants, a warden, correctional officers, and a food service administrator from a state correctional facility. The court served the complaint, and the defendants have not yet filed a response.

Petitioner argues in his motion that the "prison administration has a history of applying retaliatory tactics against any prisoner" who files civil rights actions afforded while in prison. (Mot. (No. 14) 1.) Plaintiff states that prison administrators' retaliatory tactics include "constant harassment, numerous searches, threatening looks and words, unjustified prison writeups, weapons being placed in prisoners' cell[s], placed in Special Housing, physically assaulted by staff, being labeled a snitch . . . [and] denied mail . . . ." (Id.) Plaintiff alleges that prison staff "harass" him, slowed his mail delivery for several days, and threatened him with placement "in special housing with just cause." (Id.) Plaintiff says he fears his mental and physical health and walks on "egg shells" after filing this action. Plaintiff concludes that he needs a preliminary injunction against these specific defendants "because [he] fear[s] he will be setup by the staff, placed in the special housing unit, and or physically injured again." (Id. 2.)

A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008) (internal quotations omitted). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely

to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff fails to establish that he is likely to suffer irreparable harm without the preliminary injunction. Primarily, petitioner fails to establish the defendants' intent or ability to cause him harm. Moreover, petitioner merely speculates about an unknown possibility of prison sanctions, which also do not seemingly implicate due process rights, and that an unknown prison official may "assault" him. Plaintiff also fails to establish how ordering his transfer from one Virginia Department of Corrections ("VDOC") facility to another VDOC facility is in the public's interest, especially since prisoners do not have any right to be housed in a particular facility. Meachum v. Fano, 427 U.S. 215 (1976). Furthermore, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Based on the allegations in the complaint and the present status of the case, plaintiff fails to establish that he is likely to succeed on the merits or that the balance of equities tips in his favor. The defendants have not yet responded to the complaint, and ordering the defendants to compel the VDOC to unnecessarily transfer him would burden the defendants with additional administrative costs.

2

Accordingly, plaintiff fails to establish the elements for a preliminary injunction, and I deny his request.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and counsel of record for the defendants.

**ENTER:** This 25th day of February, 2010.

Jackson L. Kiser
Senior United States District Judge