CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 2 8 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. PEYTON, | ) | Civil Action No. 7:09-cv-00492 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRYAN WATSON, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff filed several motions for a preliminary injunction against the defendants, a warden, an assistant warden, correctional officers, and a food service administrator from a Virginia Department of Corrections ("VDOC") correctional facility. Plaintiff alleged in his complaint that correctional officers used excessive force against him and the correctional facility serves poor quality food.

In his first motion (no. 33 at 33), plaintiff requests that I order the defendants to transfer him to another level-five facility based on the allegations in his complaint and his response to the defendants' motion for summary judgment. In his second motion (no. 34), plaintiff complains that non-defendant correctional officers and their subordinates watch plaintiff too intently and he feels harassed. Plaintiff alleges that these officers stare at him and search him more frequently than other inmates. In his third motion (no. 47), plaintiff complains that Scarberry and non-defendants and are interfering with his participation in Ramadan and a non-defendant correctional officer threatened him with the use of mace. In his fourth motion (no. 48), plaintiff complains that non-defendant VDOC officials house him with a crazy cell-mate who threatened him. Plaintiff does not feel comfortable sharing a cell with this inmate.

A preliminary injunction is an extraordinary and drastic remedy. Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008). A movant must establish four elements before a preliminary injunction

may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff's third and fourth requests for preliminary injunctive relief are not related to the underlying action. Therefore, no injunction will issue for those claims. See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997) (stating movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to his complaint). See also In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003) (stating that without this relationship, the court should not consider the factors for preliminary injunctive relief).

For plaintiff's remaining requests, plaintiff fails to establish that he is likely to suffer irreparable harm without a preliminary injunction. Primarily, petitioner fails to establish the defendants' intent or ability to cause him harm. Moreover, petitioner merely speculates about an unknown possibility of prison sanctions, which also do not seemingly implicate due process rights, and that non-defendant prison staff threaten him or may discipline him. See Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) ("a future or conjectural threat of injury is insufficient to justify injunctive relief"); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right). Plaintiff also fails to establish how ordering his transfer from one VDOC facility to another

VDOC facility is in the public's interest, especially since prisoners do not have any right to be housed in a particular facility. See Meachum v. Fano, 427 U.S. 215 (1976). Furthermore, involving a federal court in the day-to-day administration of a prison to control which correctional officers may interact with plaintiff is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Based on his allegations, plaintiff fails to establish that he is likely to succeed on the merits or the balance of equities tips in his favor. Accordingly, plaintiff fails to establish an entitlement to a preliminary injunction, and I deny his requests.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and counsel of record for the defendants.

**ENTER**: This 28th day of September, 2010.

Senior United States District Judge