# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JACOB D. PEYTON, IV,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:09CV00492 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN BRYAN WATSON,** | ) | By: James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Jacob D. Peyton, Pro Se Plaintiff; John Michael Parsons, Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

Proceeding pro se, Jacob D. Peyton, IV, an inmate incarcerated at Wallens Ridge State Prison, filed this action for monetary damages under 42 U.S.C.A. § 1983 (West 2003) against various prison employees. Motions for summary judgment were granted as to all claims except the allegation that defendant Correctional Officers J. Carico and R. Robinson used excessive force against Peyton. As to this claim, I referred the case to United States Magistrate Judge Pamela Meade Sargent for appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006). After conducting an evidentiary hearing on March 2, 2011, Magistate Judge Sargent filed a Report recommending that judgment be

entered for the defendants. Peyton has filed timely objections to the Report, which objections are ripe for decision.

Peyton does not object to the magistrate judge's determinations of the applicable law. The unnecessary and wanton infliction of pain by a prison official through the use of excessive force violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The Supreme Court mandates a two-prong analysis for prisoners' claims of excessive force: a subjective prong, asking whether "the officials acted with a sufficiently culpable state of mind," and an objective prong, asking "if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 8 (internal quotation marks, alternations, and citation omitted). Under the subjective prong, the court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. In making this inquiry, the court balances the need for the application of force, the relationship between the need for force and the amount of force actually used, and the extent of the injury inflicted. *Id.* Satisfaction of the objective prong under *Hudson* requires a showing that, in context, the use of force was "nontrivial," but does not require proof that the force caused extreme injury or pain. *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178-79 (2010).

In this case, the magistrate judge found that Peyton had not proven the subjective component of his excessive force claim by a preponderance of the evidence. Specifically, she found that the defendants' testimony that "they used only the amount of force necessary to subdue and restrain Peyton" and that he "continued to struggle until they were able to place him in restraints" (Report 10-11) was more credible than the testimony of Peyton and his witnesses on this question. She noted that while Peyton testified that "Carico tackled him because he did not turn around fast enough," his eye witnesses testified that "Carico punch[ed] Peyton in the face knocking him to the ground." (Report 10.) I must make a de novo determination of those portions of the report to which the defendant objects. *See* 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72 (b)(3). In providing for a de novo determination, however, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 682 (1980).

Some courts have explicitly adopted a deferential standard of review for credibility determinations when the magistrate judge heard the live testimony and observed the demeanor of the witnesses. *See, e.g.*, *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) ("In [making a de novo determination], the district court need not re-hear testimony from the suppression hearing; its deference to the

magistrate's credibility determinations is appropriate when they are supported by the record."); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge."); *Amlong & Amlong v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2006) ("Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible only when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" (citation omitted)). Although the district court may give a magistrate judge's proposed findings and recommendations "such weight as [their] merit commands and the sound discretion of the judge warrants," the authority and the responsibility to make an informed final determination remains with the district judge. *Raddatz*, 447 U.S. at 682-83 (internal quotation marks and citation omitted). Therefore, in performing a de novo review, the district judge must exercise "his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985).

Peyton raises several objections to the magistrate judge's findings related to the subjective prong under *Hudson*. He argues that the report failed to take into account the passage of two years between the events and the lawsuit and Peyton's inability as a pro se prisoner litigant to interview his witnesses before calling them

at trial, whereas the defendants could communicate with each other and with counsel to coordinate their testimony.[1] Peyton also asserts that he and his witnesses consistently testified that Peyton did nothing to provoke the officers' use of force, that the officers used racial slurs during the incident, and that Carico's testimony denying any knowledge of how Peyton was injured was not credible. Finally, Peyton asserts that the officers' overall credibility was undermined by inconsistencies and inaccuracies in their testimony concerning events in the dining room and/or the doorway preceding the use of force, whereas the credibility of Peyton's own testimony about such events was corroborated by his witnesses' testimony, thus bolstering his overall credibility.

I have made a de novo review of the transcript of testimony and the record of evidence presented before the magistrate judge. Having conducted a careful review of Peyton's objections, I conclude that the evidence presented supports the magistrate judge's factual findings and legal conclusions on which she relied in recommending judgment for the defendants under the subjective prong of the excessive force claim. Furthermore, the evidence indicates that Peyton's injuries

---

[1] Peyton also complains that the magistrate judge refused to consider the fact that the administrative conviction imposed upon him for swinging his fist at Carico was later dismissed by the warden on appeal. Evidence in the record, however, indicates that this conviction was expunged during appeal proceedings based on the warden's finding that it was "duplicative of [another] charge[ ] written on May 29, 2009." (Watson Aff. 3, Mar. 12, 2010.) Thus, dismissal of the charge does not disprove the defendants' testimony that Peyton swung at Carico.

were consistent with the defendants' testimony that Peyton continued to struggle after being placed on the concrete, while officers sought to restrain him. I also conclude that the majority of Peyton's objections concern tangential matters not material to the factual findings and legal conclusions supporting the magistrate judge's recommendation.[2] Accordingly, I will accept the magistrate judge's Report. An appropriate judgment will be entered.

DATED: May 20, 2011

/s/ James P. Jones
United States District Judge

---

[2] In addition to the objections already noted, Peyton argues that the report made no finding as to Peyton's evidence of adverse actions allegedly taken against him by other officers because of the lawsuit; stated inaccurate facts about the injury to his tooth; and failed to make findings about the extent of his injuries based on medical records and photographs supplied by the defendants. As stated, these and other matters on which Peyton grounds his objections are simply not material to the magistrate judge's factual finding that the officers' testimony about how and why they used force against Peyton was more credible than Peyton's evidence or to her subsequent and decisive legal conclusion that Peyton's excessive force claim thus failed the subjective prong under *Hudson*.